# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>SERGIO MADRIGAL LOPEZ,<br><br>                Defendant. | CASE NO. 09 CR 0433 MMA<br><br>[Related Civil Case. No. 10 CV 2406 MMA]<br><br>**ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF TIME IN CUSTODY PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 71] |

    Sergio Madrigal Lopez ("Petitioner") moves this Court to reduce his time in federal custody pursuant to 28 U.S.C. § 2255, arguing that: (1) as a non-citizen, his imprisonment time is harsher in violation of his constitutional rights; and (2) a 1995 United States Attorney General Memorandum allows up to a two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation.  For the following reasons, the Court **DENIES** Petitioner's motion.

## BACKGROUND

    On August 27, 2009, pursuant to a written plea agreement, Petitioner pled guilty to Court 4 of the Indictment charging him with knowingly and intentionally importing several kilograms of

cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 952 and 960, and 18 U.S.C. § 2. [*See Plea Agreement*, Doc. No. 44, p.2-3.] This Court sentenced Petitioner on May 3, 2010 to 37 months imprisonment, 3 years of supervised release, and a $100 special assessment. [*See Judgment*, Doc. No. 70.]

## DISCUSSION

A sentencing court is authorized to "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under section 2255 must be based on constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). Additionally, the scope of collateral attack is much more limited than on direct appeal. *United States v. Addonizio*, 442 U.S. 178, 184-85 (1979). Title 28 of the United States Code, section 2255 also provides that if a petitioner's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . ." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS (West 2009).[1] Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). Moreover, a defendant may waive his right to file a section 2255 motion to challenge his sentence, if he does so expressly. *United States v. Nunez*, 223 F.3d 956,

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a petitioner must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed below, Petitioner has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

1 | 959 (9th Cir. 2000).  Here, Petitioner's plea agreement states in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

[Doc. No. 44, p.10.]  The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990).  Courts will generally enforce a defendant's waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made."  *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998).  This Court concludes that the record demonstrates both of these requirements are met in this case.  Accordingly, Petitioner's motion is barred and must be dismissed because of his plea agreement waiver.

Even if Petitioner had not waived his right to attack his conviction and sentence, Petitioner's motion would fail on the merits.  Petitioner argues that, as a result of his deportable alien status, he is unable to participate in programs that would entitle him to early release in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments.  The Ninth Circuit Court of Appeals rejected this argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999).  There, the court held in part that, "excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the [Bureau of Prisons'] legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs."  *Id.* at 1186.  Further, denial of a requested sentence reduction does not violate due process because it does not impose an "atypical and significant hardship on the inmate . . . [it] merely means that the inmate will have to serve out his sentence as expected."  *Id.* at 1185 (citation omitted).

Additionally, Petitioner's argument that the Court could depart downward because his status as a deportable alien prohibits him from being housed in a minimum security facility or

community correctional center is precluded by statute and current Ninth Circuit case law. By statute, the Court may only depart downward if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). The Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990); *see also United States v. Martinez-Ramos*, 184 F.3d 1055, 1056 (9th Cir. 1999) (rejecting petitioner's argument that his alien status, which rendered him ineligible for minimum security incarceration and community confinement, provided ground for downward departure).

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Petitioner's Motion for Reduction of Time in Custody [Doc. No. 71].

**IT IS SO ORDERED**.

DATED: December 2, 2010

Hon. Michael M. Anello
United States District Judge